HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AETNA HEALTH INC., and AETNA LIFE INSURANCE, on behalf of itself and its self-insured plans,<br><br>                      Plaintiff,<br><br>    v.<br><br>SAMUEL ROSS FOX., M.D., KATHERINE M. FOX., COTTONWOOD FINANCIAL SERVICES., L.C, WASHINGTON MUTUAL BANK, DISTRICT DIRECTION-INTERNAL REVENUE SERVICES, and all other persons or parties unknown claiming any right, ittle, estate, lien or interest in the real estate described in the Complaint,<br><br>                      Defendants. | Case No. 09-5647<br><br>ORDER DENYING DEFENDANT KATHERINE FOX'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Dkt. #32.] |

THIS MATTER comes before the Court on Defendant Katherine Fox's Motion for Partial Summary Judgment. [Dkt # 32.] Ms. Fox seeks a ruling as a matter of law that Aetna's judgment against her husband was a voluntary encumbrance of the community property and is therefore invalid absent her consent.

## I.    FACTS

This collection action arises from a lawsuit involving fraudulent billing of surgical services initiated on November 4, 2004 against Samuel Ross Fox, M.D., by plaintiff Aetna Life Insurance Company. Aetna seeks insurance reimbursement for uncovered medical procedures

ORDER - 1

performed and falsely billed by Dr. Fox. On April 23, 2007, Dr. Fox's spouse, Katherine, filed a petition for marriage dissolution. The petition was ultimately dismissed without prejudice, and the Foxes remain married. On November 26, 2007, before the underlying case reached trial, Dr. Fox agreed to Aetna's proposed judgment in the principal amount of $395,265.10. That judgment was entered against him by the Pierce County Superior Court.

The house owned by Katherine and Dr. Fox is at the center of this dispute. Aetna seeks to execute its judgment lien against the community marital property. The issue before this Court is whether Aetna's judgment against Dr. Fox may be enforced against real property owned by his marital community, where Katherine did not "consent" to the judgment.

## II.     DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, there is "no genuine issue as to any material fact," and therefore "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be denied when the nonmoving party offers evidence from which a reasonable jury could return a verdict in its favor. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. Washington Spousal Consent Requirement

In Washington, a person cannot encumber marital real property unless his spouse first consents:

A spouse acting alone shall not "sell, convey, or encumber the community real property without the other spouse or other domestic partner joining in the execution of the deed or other instrument by which the real estate is sold, conveyed, or encumbered . . . ."

RCW 26.16.030(3). This spousal consent requirement does not apply to involuntary encumbrances of property. *Keene v. Edie,* 131 Wn.2d 822, 831–35, 935 P.2d 588 (1997). In *Keene*, a molestation victim who obtained a judgment against her molester could execute that judgment against his marital real property without his wife's consent. "[A] distinction can be drawn between the actions of a spouse who voluntarily encumbers property in an indirect way, and one who does so involuntarily. In our judgment, [the statute] relates only to only the former." *Id*. at 833.

**C. There is a genuine issue of material fact as to whether Dr. Fox's consent judgment was a voluntary encumbrance.**

Katherine Fox argues that Ross Fox "voluntarily" encumbered their community property through his consent judgment, and that, absent her own consent, the encumbrance is not valid as a matter of law. She distinguishes this situation from judgments entered *after* trial, stating that this "consent judgment was entered solely as a result of Ross Fox's choice, agreement, volition, and will." [Def. Katherine Fox's Reply, Dkt. #39, at p. 6.]. She cites *Colorado National Bank v. Merlino*, 35 Wn. App. 610, 68 P.2d 1304 (1983) (where a husband guaranteed his son's debt) and *Nichols Hills Bank v. McCool*, 104 Wn.2d 78, 701 P.2d 1114 (1985) (where a husband defaulted on a land purchase) for the proposition that voluntary encumbrances require spousal consent.

However, *Merlino* and *McCool* involve debt—not a judgment—and are thus easily distinguished. *Id*. Viewing the situation in the light most favorable to Aetna, Dr. Fox was involuntarily operating within the confines of the lawsuit against him. A judgment resulting

ORDER - 3

from a legal action cannot be compared to a willful land purchase or loan. The fact that Dr. Fox agreed to the judgment before the trial is of no moment.

**D. Whether the judgment against Dr. Fox is a "separate obligation" is not the dispositive issue.**

The parties dispute the degree to which Katherine Fox was involved in the activities leading to the underlying action against Dr. Fox. *See Whitehead v. Satran,* 37 Wn.2d 724, 725, 225 P.2d 888 (1950) (The general presumption that an action against one spouse is against the marital community is "not conclusive and [ ] may be overcome by a showing by either spouse that [the judgment] was a separate obligation.") Aetna alleges that Katherine Fox benefited from, and even participated in, the underlying fraud. [Pl. Atena's Resp., Dkt. #37, at p. 3– 4, 7– 8.] But Katherine Fox's involvement in the underlying action does not determine whether or not a consent judgment is binding on marital real property. Furthermore, Summary Judgment cannot be granted on the theory that Katherine Fox was completely uninvolved when, viewing the facts in the light most favorable to Aetna, there is evidence from which a reasonable fact finder could conclude otherwise.

**E. All other claims depend on facts not now before this Court.**

Finally, Katherine Fox argues that because she was not named in Aetna's complaint, she was deprived of her due process right to be notified of an action that involving her interests. Thus, she claims, the property is beyond the reach of the resulting judgment, and Aetna is estopped from executing it in this way. The viability of these claims depends on her involvement in the underlying action, a fact beyond the scope of this motion.

### III. CONCLUSION

Viewed in the light most favorable to Aetna, there are material issues of fact about whether Dr. Fox's consent judgment was "voluntary. Katherine Fox's Motion for Summary

ORDER - 4

Judgment is therefore DENIED

**IT IS SO ORDERED.**

Dated this 13th day of June, 2011.

                                   RONALD B. LEIGHTON
                                   UNITED STATES DISTRICT JUDGE